GAUDIN, Judge.
Philip R. Bulliard and his former wife, Martha Jane, have joint custody of their son Brandon, now eight years of age. The parents consented to a visitation schedule whereby Mr. Bulliard would have Brandon (a) on alternating weekends, (b) every Wednesday night and (c) for two separate two-week periods during the summer months. Also by agreement, Mr. Bulliard would pay $1,000.00 per month child support.
Mr. Bulliard subsequently moved to amend the visitation schedule and to reduce child support. The district judge denied the motions and this appeal followed. We affirm.
Mr. Bulliard testified that he and Mrs. Bulliard had voluntarily deviated from the original schedule. Describing the consented-to changes, Mrs. Bulliard said that Mr. Bulliard "... sees Brandon every other weekend from five on Friday to five on Sunday. The following weekend, he has Brandon on a Sunday night, from five o’clock and he drops him off at school the next day ... And then he has him the following Wednesday.”
Thus, Mr. Bulliard no longer had visitation every Wednesday night. He did, however, have Brandon on Sunday nights when he did not have visitation for the entire weekend.
From her testimony, it is clear that Mrs. Bulliard had reservations about Mr. Bulliard having Brandon every Sunday night. The trial judge apparently recognized this concern and denied the formal change in the court-approved visitation schedule. We cannot say this was error. At the same time, the record shows that Mrs. Bulliard is willing to depart from the visitation schedule to accommodate Mr. Bulliard. We can only assume that this spirit of cooperation is continuing as Brandon certainly is the beneficiary.
Regarding the summer schedule, Mrs. Bulliard expressed her reasons for letting things as they were. As neither appellant nor appellee appeared for oral arguments, we do not know whether the original schedule was followed during the summer of 1991. We are unable to say the trial judge erred in denying the requested change. Trial judges have broad discretion in deciding whether to amend visitation schedules; here, the record supports the ruling favoring Mrs. Bulliard.
Mr. Bulliard, who is self-employed, said that his monthly income had dropped from $5,923.00 to $3,338.00. The trial judge evaluated Mr. Bulliard’s testimony and considered various documents submitted into evidence, including Mr. Bulli-ard’s 1989 federal income tax return, and found that there had not been a substantial change in Mr. Bulliard’s financial circumstances. Mrs. Bulliard teaches school and does not receive alimony.
Mrs. Bulliard argues that Mr. Bulliard’s evidence indicates only a slight two per cent decrease in gross income and a six per cent decrease in net profit. In any event, the documents do not irrefutably show a meaningful change in Mr. Bulliard’s net income. Consequently, we hesitate to overrule the trier of fact.
Finally, we note this. Mr. Bulliard appears to be trying his best to meet his obligations and his duties as Brandon’s father, while Mrs. Bulliard has willingly accepted visitation amendments due to Mr. Bulliard’s night school schedule. Nonetheless, the trial judge remarked that the in-place plan “... has worked. I believe the stability ... is important to the child.”
If a trial judge acts in what he believes is the child’s best interests and the *737 record is supportive of pertinent court orders, such judgments are not subject to appellate reversal or modification.
Mr. Bulliard is to bear costs of this appeal.
AFFIRMED.